UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK,<br><br>Plaintiff,<br><br>v.<br><br>BAY CITY AUTO, et al.,<br><br>Defendants. | Case No. 22-cv-04066-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, an inmate in Marin County Jail, filed this civil rights complaint under 42 U.S.C. § 1983 against numerous car dealerships, the Secretary of the California Department of Motor Vehicles, and the Chief Financial Officer of Wells Fargo Bank. (ECF No. 1 at 2, 4.) For the reasons explained below, the complaint is DISMISSED with leave to file an amended complaint.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties who are not represented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to

state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

The complaint alleges the following:

> My statement of claim in this matter asserting my common law rights is the breach of contract, mutilation of currency, tax evasion by licensed dealers and trespasses of the law for double dipping with unlawful racketeering practices and unlawful unwarranted invasion of privacy renting my automobiles after the completed administrative commercial agreement between the parties is deemed res judicata and stare decisis without due process of law. All rights reserved violated in each contract without recourse.

(ECF No. 1 at 2-3.) These allegations are not sufficient under *Twombly*, 550 U.S. at 555, because Plaintiff simply states conclusions and labels. Plaintiff does not allege any facts that explain how Defendants violated his civil or contractual rights. He does not, for example, describe the contracts, how they were breached, or who breached them. He also does not allege facts underlying his claims of racketeering, tax evasion, "double dipping," or privacy invasion. Plaintiff must also allege any actions or omissions by each Defendant that shows how each of them individually caused a violation of his rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).

Furthermore, all but one Defendant (the DMV Secretary) appears to be a private entity or

2

individual. Private individuals and entities are generally not state actors and are not liable under Section 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Private individuals or organizations act under color of state law when their actions result from the State's exercise of coercive power; when the State provides significant encouragement for the activity; or when a private actor operates as a willful participant in joint activity with the State. *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001). The Court has treated a nominally private entity as a state actor when it is controlled by a state agency; when it has been delegated a public function by the state; or when it is entwined with government policies or government is entwined in its management or control. *Id.* Plaintiff has not alleged facts that allow him to hold the private Defendants liable as state actors under Section 1983.

Plaintiff may attempt to cure these deficiencies in an amended complaint.

### CONCLUSION

For the reasons explained above,

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint on or before **October 4**, **2022**. The amended complaint must include the caption and civil case number used in this order (No. C 22-4066 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the case will be dismissed.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a

showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: August 29, 2022

JACQUELINE SCOTT CORLEY
United States District Judge