UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>BAY CITY AUTO, et al.,<br><br>    Defendants. | Case No. 22-cv-04066-JSC<br><br>**ORDER OF DISMISSAL; DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>(ECF No. 8) |

## INTRODUCTION

Plaintiff, a detainee at Napa State Hospital ("NSH") who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Secretary of the California Department of Motor Vehicles ("DMV") and a number of auto repair shops and dealerships. The complaint was dismissed with leave to amend, and Plaintiff filed an amended complaint. (ECF Nos. 5, 10.) For the reasons explained below, the case is DISMISSED because the amended complaint repeats the same problems as the original complaint and does not state a claim capable of being judicially heard and decided.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by litigants unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

## DISCUSSION

The order dismissing the complaint with leave to amend explained the problems with Plaintiff's claims as follows:

> The[] allegations are not sufficient under *Twombly*, 550 U.S. at 555, because Plaintiff simply states conclusions and labels. Plaintiff does not allege any facts that explain how Defendants violated his civil or contractual rights. He does not, for example, describe the contracts, how they were breached, or who breached them. He also does not allege facts underlying his claims of racketeering, tax evasion, "double dipping," or privacy invasion. Plaintiff must also allege any actions or omissions by each Defendant that shows how each of them individually caused a violation of his rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).
>
> Furthermore, all but one Defendant (the DMV Secretary) appears to be a private entity or individual. Private individuals and entities are generally not state actors and are not liable under Section 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Private individuals or organizations act under color of state law when their actions result from the State's exercise of coercive power; when the State provides significant encouragement for the activity; or when a private actor operates as a willful participant in joint activity with the State. *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001). The Court has treated a nominally private entity as a state actor when it is controlled by a state agency; when it has been delegated a public function by the state; or when it is entwined with government policies or government is entwined in its management or control. *Id.* Plaintiff has not alleged facts that allow him to hold the private Defendants liable as state actors under Section 1983.

(ECF No. 5 at 2-3.)

The amended complaint suffers from the same problems as the original complaint. Plaintiff names 16 Defendants whom he claims breached contracts, "suppress[ed] evidence," "conspire[ed] to the mutilation of currency," committed "trust fraud," "trespass[ed]" law, and acted with deliberate indifference. (ECF No. 10 at 4.) These allegations are again simply labels and conclusions, which are insufficient under *Twombly*, 550 U.S. at 555. The only fact he alleges is "each Defendant" sold or transferred his "private property" (*id.*), but he does not allege what, when, or to whom the property was sold, nor does he allege how each Defendant was involved in any such sales. Plaintiff also refers to the "Negotiable Instruments Act," the Patriot Act, the Administrative Procedures Act, the "1940 Fiduciary Duty Obligations Act," and the Fifth Amendment. (*Id.*) However, he does not identify or cite the provisions of these laws, some of which do not appear to be laws of the United States,[1] Defendants violated. Lastly, 13 of the 16 Defendants are auto dealerships or repair shops, and one other is an employee of Wells Fargo Bank, but Plaintiff has not alleged facts allowing him to hold these private companies and this private person liable as state actors. As a result, the amended complaint, even when liberally construed, does not allege sufficient facts under *Twombly* to state a plausible claim for relief against any of the Defendants for violating Plaintiff's rights under federal law.

Plaintiff was cautioned this case would be dismissed if the amended complaint was not sufficient. (ECF No. 5 at 3.) Plaintiff received instructions on how to correct the deficiencies in the original complaint, but the amended complaint does not do so. There is no indication, moreover, that further leave to amend would produce a different result. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave need to amend need not be granted where it constitutes an exercise in futility). Accordingly, the case is dismissed without further leave to amend.

Plaintiff has filed a motion for "a preliminary injunction and subpoena duces tecum." (ECF No. 8.) The motion asserts unidentified "private property" is "within the filings" of a civil

---

[1] For example, the Court cannot identify any federal statute or regulation called the "1940 Fiduciary Duty Obligations Act" or the "Negotiable Instruments Act."

United States District Court
Northern District of California

action in state court and this violates Plaintiff's right to privacy and due process. (*Id.*) Plaintiff does not indicate what he wants to be enjoined or subpoenaed. Moreover, a preliminary injunction requires service upon the Defendants or a certificate of the efforts, if any, Plaintiff has made to give notice of the motion to the Defendants. *See* Fed. R. Civ. P. 65(a)(1), (b). Defendants have not been served, and Plaintiff has not certified his efforts to notify Defendants of the motion. A preliminary injunction also requires Plaintiff to show his claims are likely to succeed. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). There is no possibility of the claims' success in this case because there are no claims that can be heard and decided by the Court. Accordingly, the motion is denied.

## CONCLUSION

For the reasons explained above, the case is DISMISSED for failure to state a claim that is capable of being judicially heard and decided. Plaintiff's motion for a preliminary injunction (ECF No. 8) is DENIED.

The clerk shall enter judgment and close the file.

This order resolves docket number 8.

**IT IS SO ORDERED.**

Dated: April 6, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

4